IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK M. STANBERRY, #209119, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:11-cv-124-CG-B |
| | ) |
| RICHARD ALLEN, et. al., | ) |
| | ) |
|     Defendants. | ) |

### ORDER ON PLAINTIFF'S AMENDED MOTION TO ALTER JUDGMENT AND/OR MAKE ADDITIONAL FINDINGS OF FACT

This matter is before the court pursuant to several motions filed by the plaintiff, Derrick M. Stanberry ("Stanberry"). These pro se motions include an amended motion to alter judgment and/or make additional findings of fact (Doc. 40); a motion for a 30-day extension of time and a request for a court order directing prison officials to return certain papers and self-help litigation manuals to Stanberry (Doc. 38); a motion to appoint counsel (Doc. 44); and a motion for leave to appeal in forma pauperis (Doc. 45). The court addresses each motion separately, below.

**I.  AMENDED MOTION TO ALTER JUDGMENT (DOC. 40).**

As an initial matter, the court notes that Stanberry's amended motion to alter judgment (the "amended motion") is brought pursuant to Federal Rule of Civil Procedure 52(b). However, the judgment which he seeks to alter was entered on the defendants' summary judgment motion. See Docs. 34 and 36). "[A] Rule 52(b) motion to amend judgment is improper where the district

1

court enters an order on a motion for summary judgment because the findings of fact on a summary judgment motion are not findings of fact in the strict sense that the trial court has weighed evidence and resolved disputed factual issues." Silva v. Potter, 2006 WL 3219232 at *2 (S.D. Fla. 2006) (citations and quotation omitted).  Therefore, because the court construes pro se filings liberally, Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990), and because Stanberry filed his motion within the requisite 28 day period, the court construes his motion as a motion to alter judgment pursuant to Fed.R.Civ.P. 59(e).

Alteration or amendment of "a judgment pursuant to Rule 59(e) is 'committed to the sound discretion of the district judge.' " Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238–39 (11th Cir. 1985)). Generally, courts have recognized three grounds which justify the reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly" in the interests of finality and conservation of scarce judicial resources. Id. (emphasis added).  "Rule 59(e) was not constructed "to give the moving party another 'bite at the apple' ...." Mincey, 206 F.3d at 1137 n. 69.  A party "cannot use a Rule 59(e) motion

2

to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

After reviewing Stanberry's motion to alter judgment (Doc. 40), the court finds no showing of any intervening change in controlling law, no availability of new evidence, nor any showing of clear error or manifest injustice.  Rather, Stanberry's argument covers well-trod territory from the magistrate judge's report and recommendation concerning his Eighth Amendment deliberate indifference claim and allegations that prison officials did not take reasonable steps to ensure his safety.  Accordingly, his motion is **DENIED**.

## II. PLAINTIFF'S REQUEST FOR A COURT ORDER AND MOTION FOR EXTENSION OF TIME

Stanberry also filed a motion requesting a 30-day extension of time to prepare his appeal of the court's September 14, 2012, order adopting the magistrate judge's report and recommendation.  (Doc. 38).  As part of the same motion, Stanberry also requests that the court enter an order requiring prison officials to return certain "legal work, self-help litigation manuals and writing material" to enable Stanberry to appeal the court's order.  Id.

With regard to Stanberry's motion for an extension of time, the court notes that he already filed a notice of appeal on October 11, 2012.  (Doc. 42).  Accordingly, his request for additional time is due to be **DENIED** as **MOOT**.

With regard to his request for an order directing prison officials to return his various legal materials[1], Stanberry makes the conclusory assertion that prison officials took his "legal work, writing materials and self-help litigation manuals to prevent Plaintiff from effectively appealing the courts [sic] judgment." (Doc. 38 at 1). He cites no statute or administrative rule to establish that confiscation of these materials was improper. Furthermore, the only evidence Stanberry provided was his attached request to prison officials asking "what rule, regulation or policy you relied upon in refusing to allow me to retain [the documents]." (Doc. 38 at 3). The response from prison officials at the bottom of the page actually tends to show that the confiscation conformed to administrative rules for the segregation unit where Stanberry was housed at the time. See id. ("You were allowed to keep all items that were listed on the wall stating what is permitted in Seg. I asked you what legal work was current. Your only response was I need all of it. Only current legal work is allow [sic]."). Accordingly, Stanberry's motion is **DENIED.**

### III.  MOTION TO APPOINT COUNSEL

Stanberry previously filed a motion to appoint counsel on April 4, 2011 (Doc. 4), which the magistrate judge denied (Doc. 7) after finding that Stanberry failed to show that exceptional circumstances existed which would warrant the appointment of counsel. Id. (citing Kilgo v. Ricks, 983 F.2d 189,

---

[1] The court construes Stanberry's "request for court order" as a motion brought in conformance with Fed.R.Civ.P. 7(b).

193 (11th Cir. 1993); Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)).[2] Stanberry has now filed a second motion to appoint counsel (Doc. 44), but he has not alleged any new or additional facts beyond those considered by the magistrate judge in his first request for counsel, i.e., Stanberry still does not allege "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." Kilgo at 193.  Therefore, the motion is hereby **DENIED**.

IV.  **MOTION TO PROCEED IN FORMA PAUPERIS**

Stanberry also filed a request to proceed in forma pauperis on appeal. (Doc. 2).  The magistrate judge previously granted Stanberry's motion for leave to proceed in forma pauperis in pursuing his claim before the district court.  (Doc. 3).

A determination whether petitioner's motion to proceed on appeal in forma pauperis should be granted is informed by 28 U.S.C. § 1915 and Fed.R.App.P. 24.  See Ex parte Chayoon, 2007 WL 1099088, *2 (M.D. Fla. 2007) (citation omitted).  Section 1915(a) provides, in pertinent part, that "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. (emphasis supplied).  Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part that:

---

[2] The magistrate judge noted that her denial of Stanberry's motion was subject to later reconsideration "if the circumstances of the case change." (Doc. 7 at 2).

5

> A party who was permitted to proceed in forma pauperis in the district-court action … may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding …

Id.

The test for whether an appeal is taken in good faith under § 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. Chayoon, supra, at * 1 (citation omitted). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather [the appropriate inquiry is] whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." Kirklewski v. Hamilton, 2008 WL 906011, * 1 (S.D. Ohio 2008); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

Here, the court notes that the magistrate judge has thoroughly addressed the pertinent issues in this case in her report and recommendation, and that, objectively speaking, that there is any non-frivolous issue to be litigated on appeal.  Accordingly, the court denies Stanberry's motion to proceed in forma pauperis on appeal and certifies in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

## V.     CONCLUSION

For the reasons discussed above, Stanberry's motion to alter judgment, construed by the court as a Rule 59(e) motion to amend judgment is hereby **DENIED**.  Also, Stanberry's motion for a 30-day extension of time to appeal (Doc. 38) is **DENIED** as **MOOT**.  Stanberry's request for a court order directing the return of certain legal materials, construed by the court as a Rule 7(b) motion (Doc. 38), is **DENIED**.  Stanberry's second motion to appoint counsel (Doc. 44) is hereby **DENIED**, as is his motion for leave to proceed in forma pauperis on appeal (Doc. 45).  The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that Stanberry's appeal is not taken in good faith.

**DONE** and **ORDERED** this 8th day of November 2012.


/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**